# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAL LEE, | ) | 1:12-cv-00779 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE |
| | ) | WHY THIS ACTION SHOULD |
| v. | ) | NOT BE DISMISSED AS |
| | ) | TIME BARRED |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | RESPONSE DUE IN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

## I. Screening Requirement

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on May 23, 2012 (ECF No. 13).

1

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Plaintiff's Claims

### A. Summary of Complaint

Plaintiff is an inmate in the custody of the U.S. Bureau of Prisons BOP) at the Federal Correctional Institution at Estill, South Carolina. Plaintiff claims that while he was housed at the U.S. Penitentiary at Atwater, California, he was denied adequate medical care, such that it violated the Eighth Amendment prohibition on cruel and unusual punishment. Plaintiff names as defendants individuals employed by the U.S. Bureau of Prisons at Atwater, and individuals employed by the BOP at USP Victorville.

Plaintiff's claims stem from an illness that Plaintiff suffered from 2006 to 2008. Plaintiff's alleges that on or about September 13, 2006, while at Atwater, he was served "unknowingly contaminated spinach." As a result, Plaintiff suffered from severe abdominal pains, excruciating cramps, nausea, vomiting, headaches, diarrhea, extreme exhaustion and dehydration. Plaintiff alleges that from 2007 through 2008, he was denied adequate medical care. Although Plaintiff is detailed about the dates of his treatment, he refers to medical staff in general, and alleges that defendants in general have failed to meet their responsibility to provide him with adequate medical care. Plaintiff was eventually transferred to USP Victorville on May 14, 2008.

///

///

A. <u>**Venue**</u>

Plaintiff does charge some defendants with conduct that occurred while Plaintiff was housed at Victorville. Plaintiff is advised that the federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, regarding the allegations of denial of adequate medical care at Victorville, those claims arose in Los Angeles County, which is in the Central District of California. Therefore, plaintiff's claims regarding medical care at Victorville should have been filed in the United States District Court for the Central District of California.

C. <u>**Statute of Limitations**</u>

Regarding Plaintiff's claims against defendants at USP Atwater, Plaintiff's claims accrued no later than May 14, 2008. Federal law determines when a civil rights claim accrues. <u>Elliott v. City of Union City</u>, 25 F.3d 800, 801-802 (9th Cir. 1994). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of this action. <u>Kimes v. Stone</u>, 84 F.3d 1121, 1128 (9th Cir. 1996). At the time Plaintiff's claim accrued, the statute of limitations was one year. Cal. Civ. Proc. Code § 340(3); <u>Jones v. Blanas</u>, 393 F.3d 918, 927 (9th Cir. 2004)(Cal. Civ. Proc. § 335.1, extending the statute of limitations from one to two years, does not apply to claims that accrued prior to January 1, 2003).

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period in state law. <u>Hardin v.</u>

Straub, 490 U.S. 536, 539 (1989).  Pursuant to California law, a two-year limit on tolling is imposed on prisoners.  California Code of Civil Procedure Section 352.1 provides, in part, as follows:

> (a) If a person entitled to bring an action, mentioned in Chapter 3 (commencing with Section 335), is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term for less than life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Plaintiff was incarcerated at the time he filed suit and is entitled to the application of the two year tolling provision.  Plaintiff therefore had one year, plus two years for tolling, for a total of three years from May 14, 2008, in which to file suit.  This action was initiated by civil complaint filed on January 4, 2012, over six months after the limitation period expired.

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court sua sponte, it may be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).  See Levald, Inc. v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).  That is the case here – the defense appears complete and obvious from the face of the complaint.  Plaintiff clearly alleges that he suffered injury at USP Atwater from September of 2006 through May 14, 2008.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty days of the date of service of this order, why his claims regarding medical care at USP Atwater should not be dismissed as time-barred.  IT IS FURTHER ORDERED that Plaintiff shall show

cause why his allegations regarding conduct at USP Victorville should not be dismissed without prejudice for improper venue.

IT IS SO ORDERED.

   Dated:  **October 9, 2013**                            **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE